McGuane, J.
This is an appeal from a complaint filed by the plaintiff for goods sold and delivered and seeking to recover an use tax paid to the State of Connecticut by the plaintiff.
The Trial Court found for the defendant and the plaintiff appealed claiming error in several of the Trial Court’s rulings on various requests for findings of fact and rulings of law.
The Trial Court made the following findings:
From June 1984 to September 1985 the plaintiff, located in New Jersey, shipped (5) five million envelopes to two different letter shops located in Connecticut, and did so at the request and on the order of the defendant. I find that the sales were made in New Jersey to the defendant, a Massachusetts corporation. The sales and delivery occurred in the course of interstate commerce and as sales, I concluded that they were exempt from being taxed as sales completed in Connecticut
Plaintiff paid a sales tax of 71/2% to the State of Connecticut in the amount of $11,263.98. On the original billing no sales tax was added to the billing and no discussion or other information was engaged in respecting a sales tax. The defendant paid what was billed, the total sum of $155,771.61.
Plaintiff now seeks a reimbursement from the defendant for the payment of $11,263.98 as a sales tax and argues that even if not due based on the sale in Connecticut, it is still due as a “use in Connecticut.”
The argument respecting “use” is based on the event which occurred in Connecticut after the letter shops received delivery. They then inserted materials supplied by the defendant into the envelopes and either delivered or shipped them to bulk mail centers in Springfield for mailing throughout the country.
This eventwas a separate eventfromthe sale that occurred in New Jersey, and was in fact, a rendition of a service, and under Connecticut General Statute §12-411 is, if taxable at all, a tax payable on “the consideration paid for any such service” and due under (2) from the person storing, accepting, consuming or otherwise using this state service....”
The use tax if any, would be payable by either the letter shops or the defendant, but in any event I concluded is not payable by the plaintiff, since the plaintiff is in no way involved in the filling of the envelopes. What the consideration was for filling of the envelopes was not disclosed, nor was the 71/2% that might be payable based on it.
I am unable to conclude that the filling of envelopes justified the State of Connecticut in collecting the sales tax based on the purchase price of the envelopes. By calling the transaction by a different name, i.e. a use, which Connecticut chooses to call a sale, in no way changes the nature of the *208 dealings between the plaintiff and defendant as being in interstate commerce and thus, exempt
Judgment for the Defendant.
We agree with the findings and rulings of the Trial Justice and find no error, prejudicial or otherwise and the report is to be dismissed.
The requests for rulings of law, all relate to the plaintiffs position that the tax paid by it is a valid use tax imposed by the State of Connecticut and thus should be reimbursed by the defendant.
The Trial Justice found that the tax, if any was applicable would be and should be the obligation of either the letter shop or defendant and not the responsibility of the plaintiff.
The above issue must be litigated in a different forum for its binding effect. Secondly, the Trial Justice found that the Connecticut statute did not apply to this transaction and that the activity in Connecticut was exempted by the Connecticut statute.
We are unable to find any error of law in the rulings of theTrial Justice and therefore this report is dismissed.